**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARC ANTHONY LOWELL
ENDSLEY,

           Plaintiff - Appellant,

  v.

OCTAVIO LUNA; et al.,

           Defendants - Appellees.

No. 10-56323

D.C. No. 2:06-cv-06961-DSF-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

    Marc Anthony Lowell Endsley, who is committed to a state psychiatric

hospital facility, appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action arising from his former hospital's treatment program and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

its requirement that patients remain in a common room if they choose not to participate in treatment sessions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Endsley's inadequate mental health treatment claim arising from the revocation of some of his privileges because he failed to raise a genuine dispute of material fact as to whether this decision by his treatment team was "a substantial departure from accepted professional judgment, practice, or standards." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (decisions by mental healthcare professionals are "presumptively valid").

The district court properly granted summary judgment on Endsley's excessive force claim because he failed to raise a genuine dispute of material fact as to whether the force used was reasonable under the circumstances and did not amount to punishment. *See Hydrick v. Hunter*, 500 F.3d 978, 997 (9th Cir. 2007) (Fourteenth Amendment applies to excessive force claims by civilly committed individuals, which requires that they not be subjected to conditions that amount to punishment, within the bounds of professional discretion), *vacated on other grounds*, 129 S.Ct. 2431 (2009); *see also Graham v. Connor*, 490 U.S. 386, 395

10-56323

n.10 (1989) (Fourteenth Amendment protects a pretrial detainee from excessive force amounting to punishment).

The district court properly granted summary judgment on Endsley's conditions of confinement claim because he failed to raise a genuine dispute of material fact as to whether conditions in the common room, where those patients who chose not to participate in treatment sessions were temporarily held, amounted to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979) (some losses of freedom of movement and choice are inherent discomforts of confinement, and not every disability imposed during detention "amounts to 'punishment' in the constitutional sense").

Endsley's remaining contentions, including those regarding his state law tort claims, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**